IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHEA LEAJEAN ARCHEY, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-08-321-RAW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Shea Leajean Archey (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 23, 1979 and was 29 years old at the time of the entry of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning June 1, 2006 due to congenital hip dysplasia and lumbar lordosis.

**Procedural History**

On July 18, 2006, Claimant protectively filed for supplemental

security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, et seq.). Claimant's application was denied initially and upon reconsideration. On November 9, 2007, a hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. By decision dated February 5, 2008, the ALJ found that Claimant was not disabled during the relevant period. On August 14, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform a full range of sedentary work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly evaluate the opinions of a treating physician; (2) failing to perform an proper credibility evaluation; and (3) arriving at an RFC which is not supported by substantial evidence.

### Treating Physician's Opinion

Claimant asserts the ALJ improperly rejected the opinions of

4

Dr. Thomas Bonin. Claimant has been treated throughout her life for bilateral hip dysplasia and dislocation. She was born without femoral heads which causes her hips to dislocate. This condition has caused chronic back pain and lumbar lordosis. Claimant has been treated for nineteen years through the Choctaw Nation Health Services Authority. (Tr. 148-49, 204-05, 208, 210, 235, 242, 250).

Claimant's primary physician has been Dr. Bonin. On October 5, 2006, Dr. Bonin completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical). He found Claimant could continuously sit for not more 30 minutes at a time and not more than 3 hours in a workday, stand for less than 15 minutes at one time and not more than 2 hours in a workday, walk for less than 15 minutes at one time and less than one hour in a workday. (Tr. 189). Dr. Bonin determined Claimant could not lift and/or carry more than 1-5 pounds occasionally. He also found Claimant could not bend, squat, crawl, climb, stoop, crouch, or kneel and could only occasionally reach above her head. Claimant could not tolerate exposure to unprotected heights, being around moving machinery, exposure to marked temperature changes, driving automotive equipment, and exposure to dust, fumes and gases with only occasional exposure to noise. (Tr. 190).

Dr. Bonin also reported Claimant's pain level at moderate to severe. She would be required to take unscheduled breaks. Dr.

5

Bonin concluded Claimant could not work due to her hip and back pain from her condition. (Tr. 191).

On August 24, 2006, Claimant underwent a consultative examination by Dr. Jimmie Taylor. He concluded Claimant suffered from congenital aplastia femoral head (bilateral), lumbar lordosis, congenital dislocation of hips (bilateral), and decreased range of motion in her hips. (Tr. 176).

In his decision, the ALJ determined Dr. Bonin's opinion was entitled to "less than controlling weight." His reason for doing so is stated as Dr. Bonin "seemed to rely quite heavily on the subjective report of symptoms and limitations provided by the claimant; however, the course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor has reported." (Tr. 17).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not

6

entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific,

7

legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's statement's concerning Dr. Bonin's tainted opinion is flawed. Nothing in Dr. Bonin's Medical Source Statement objectively leads to the ALJ's conclusions that he relied entirely upon Claimant's subjective complaints. This is mere conjecture by the ALJ and unsupported by the record of her life-long treatment for her condition. On remand, the ALJ shall engage in the required analysis for affording Dr. Bonin's opinions to less than controlling weight rather than relying upon what the ALJ perceives from the treating physician's report.

### Credibility Determination

The ALJ also determined in his decision that Claimant's statements as to her impairments and their impact upon her ability to perform activities of daily living were not entirely credible. The basis for this finding was a conclusion that her alleged limitations "cannot be objectively verified with any reasonable degree of certainty" and "weak medical evidence" made it "difficult to attribute that degree of limitation to claimant's medical condition" as opposed to other, unspecified reasons.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ's conclusions regarding Claimant's credibility are not supported by the medical record. He ignores the opinions of the treating physician and the consultative physician, Dr. Suzanne Roberts that "[w]hen compared to the objective medical evidence, x-rays, exam findings and medication regimen, [Claimant's] statements regarding pain and limitation appear fully credible." (Tr. 183).

9

The ALJ appears to reach his conclusions on a generalized "feeling" rather than the medical record. His statement that her limitation on daily activities cannot be objectively verified can be said of almost all Social Security applicants. On remand, the ALJ shall re-evaluate his credibility findings.

## RFC Assessment

Given the other deficiencies in the ALJ's decision, the ALJ shall consider modification of the RFC he assessed on Claimant. His findings of limitations shall relate directly to medical evidence, as the decision currently in place does not do so.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 18th day of September, 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE